UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

**UNITED STATES OF AMERICA**

    v.                                              CRIMINAL NO. 4:09-cr-79-3

**RONALD L. POTTS,**

    Defendant.

## MEMORANDUM OPINION

Before the court is a garnishment proceeding brought by the United States pursuant to 28 U.S.C. § 3205 to enforce the Restitution Judgment, ECF No. 75, and Judgment, ECF No. 77, in the above-captioned criminal case. On August 21, 2025, the United States filed a Motion for Entry of a Garnishment Disposition and Dismissal Order. ECF No. 113 ("Motion"). The court issued a Show Cause Order on September 22, 2025, which noted, inter alia, concerns about the court's continuing jurisdiction to enter a garnishment disposition order in this criminal case. ECF No. 114. The court now considers the United States' Response to Show Cause Order and Exhibits 1 and 2 attached thereto, filed October 21, 2025. ECF No. 116 ("Response"). For reasons explained below, the court is satisfied at this juncture that it may exercise continuing criminal jurisdiction to issue a garnishment disposition order in this case and that statutory prerequisites for such an order have been met. Accordingly, the court **GRANTS** the United States' Motion, ECF No. 113.

I.

## A. Background

On February 11, 2010, Defendant pleaded guilty to one count of unauthorized access device fraud in violation of 18 U.S.C. § 1029(a)(2). ECF No. 47. On May 13, 2010, the court sentenced Defendant to a five-year term of probation and ordered him to make restitution to the victim, Citibank SD NA, in the amount of "$113,445.49, jointly and severally with any co-defendants who are ordered to pay restitution for the same loss." ECF Nos. 75 at 1 (Restitution Judgment), 77 at 6 (Judgment).[1] The case was closed in this court following entry of the Judgment on May 14, 2010, and no appeal was filed. The case docket reflects no activity or appearance by Defendant since April 29, 2013, at which time an early termination of Defendant's probation was granted on the recommendation of his probation officer. See ECF No. 83.

Almost twelve (12) years later, on February 13, 2025, the United States filed an Application for Writ of Continuing Garnishment Pursuant to 28 U.S.C. § 3205. ECF No. 106 ("Application"). The Application included as attachments (1) a Proposed Writ of Continuing Garnishment, ECF No. 106-1; (2) a Proposed Clerk's Notice, ECF No. 106-2; (3) a Request for Hearing

---

[1] At that time, the known co-defendants were Sabrina M. Potts, Docket No. 4:09-cr-79-2, who was sentenced on May 6, 2010, and Daniel G. Balduf, Docket No. 4:09-cr-79-1, who was sentenced on May 6, 2010. ECF No. 75 at 1.

2

and Claim for Exemption Form, ECF No. 106-3; (4) Instructions to Defendant explaining the requirement that the Garnishee submit a written answer to the writ and explaining how to object to the Garnishee's answer and request a hearing, ECF No. 106-4; (5) Instructions to the Garnishee, ECF No. 106-5; and (6) an Answer of the Garnishee Form, ECF No. 106-6.

The United States filed an Amended Application for Writ of Continuing Garnishment under 28 U.S.C. § 3205 on March 12, 2025. ECF No. 107 ("Amended Application").[2] The only change on the Amended Application was to decrease the total restitution owed as of February 7, 2025, from $55,608.43 to $55,488.27, which included a $49,663.40 principal balance and $5,824.87 for accrued interest. See ECF Nos. 106, 107.[3] As such, the court considers the Amended Application as the operative pleading. ECF No. 107. Both the Application and Amended Application represented that demand for payment of the restitution debt was made upon Defendant on October 30, 2024, not less than thirty (30) days before filing of

---

[2] The Amended Application also included as attachments (1) an Amended Proposed Writ of Continuing Garnishment, ECF No. 107-1; and (2) an Amended Proposed Clerk's Notice, ECF No. 107-2.

[3] The United States certifies that the Amended Application's lower restitution balance reflects a Treasury Offset Program capture that posted between the filing of the Application, ECF No. 106, and the Amended Application, ECF No. 107. ECF Nos. 116 at 3 n.1 (Response), 116-1 ¶ 13 (Declaration of Kimberly E. Gibson).

3

the Application and Amended Application. ECF Nos. 106 at 1, 107 at 1.[4] Defendant has failed to satisfy the restitution debt, so the United States sought a writ of continuing garnishment entered against Defendant as to his employer, Beechmont Garage, Inc. ECF No. 107.

On March 13, 2025, the Clerk issued a Clerk's Notice, as reflected on the docket. ECF No. 108. The Notice alerted Defendant to the fact that his "property, wages including salary, commissions, etc., is being taken by the United States Government" in satisfaction of his outstanding restitution debt. Id. at 1. The Notice further informed Defendant of his right to claim exemptions to garnishment and to request a hearing within twenty (20) days of receipt of the Notice. Id. at 1-2. Finally, the Notice informed Defendant that if he thought he lived in a judicial district other than the Eastern District of Virginia, he could request to transfer garnishment proceedings to the judicial district in which he resides by responding not later than twenty (20) days from receipt of the Notice. Id. at 2.

---

[4] Neither the Application nor the Amended Application specified how demand was made, to what address demand was made, or by what means. Additionally, the Amended Application did not reflect whether the demand on October 30, 2024, was for the higher amount owing in the Application or the lower amount owing in the Amended Application. See ECF Nos. 106, 107; supra note 3 and accompanying text. The United States has since certified that the demand was made by email to Defendant and did not specify the balance owed. See infra note 8 and accompanying text.

4

As an attachment to the Notice, the Clerk entered a Writ of Continuing Garnishment as to the Garnishee. ECF No. 108-1. The Writ provided that Garnishee "shall answer this Writ of Continuing Garnishment within 10 days of service of this Writ." Id. at 1 (emphasis omitted). Further, Garnishee "shall withhold and retain any property in which the Defendant has a substantial nonexempt interest and for which the garnishee is or may become indebted to the [D]efendant." Id. This sum included "non-exempt, disposable earnings to equal this amount, provided it does not exceed lesser of: 1) twenty-five percent (25%) of [D]efendant's disposable earnings, or 2) all amounts of Defendant's disposable earnings per week in excess of thirty times the federal minimum hourly wage." Id. at 1-2.

On April 21, 2025, the Answer of the Garnishee was filed. ECF No. 109. An Amended Answer to the Writ of Garnishment was then filed on May 5, 2025, to correct a mathematical error in the original Answer. ECF No. 112 ("Amended Answer"). Garnishee's Amended Answer declared under penalty of perjury that Defendant was in its employ, that the pay period was weekly, and that Defendant earned gross pay of $800 per pay period, resulting in $665.36 net wages after tax. Id. at 2-3. Garnishee's Amended Answer further declared that there was no other garnishment in effect as to Defendant's wages. Id. at 3. Finally, Garnishee certified that

5

it had mailed or delivered the Amended Answer to the Clerk, the United States Attorney, and to Defendant. Id. at 5.

On April 25, 2025, the United States filed two (2) certificates of service. First, the United States filed a Certificate of Service stating that on April 9, 2025, "a copy of the Writ of Garnishment, Clerk's Notice, Request for Hearing, Claim for Exemptions, and Instructions to the Defendant" were served on Defendant via certified mail, return receipt requested, to his place of employ, 14758 Warwick Boulevard, Newport News, Virginia 23608. ECF No. 110.[5] The Certificate of Service provided proof of service in the form of a return receipt signed by Deborah Morgan, as "Addressee," not as "Agent." ECF No. 110-1 at 1-2.[6] Second, the United States filed a Certificate of Service stating that "a copy of the Writ of Garnishment, Clerk's Notice, Request for Hearing, Claim for Exemptions, and Instructions to the Garnishee and Answer of the Garnishee" were sent via certified mail to Garnishee at 14758 Warwick Boulevard, Newport News, Virginia 23608. ECF No. 111. This Certificate of Service also

---

[5] The Certificate of Service noted that Defendant's last known address, "215 Newport News VA 23608," had been sold and that "[a]ttempts to locate his current address[] were unsuccessful." ECF No. 110 at 1 n.1.

[6] Ms. Morgan is secretary for the Garnishee, Defendant's place of employ. See ECF No. 112 at 5. The United States later informed the court that Ms. Morgan is also Defendant's aunt, and that Defendant's uncle is the President of the Garnishee, Beechmont Garage. ECF Nos. 116 at 2, 116-1 ¶ 11.

6

provided proof of service in the form of a return receipt signed by Deborah Morgan, both as "Addressee" and "Agent." ECF No. 111-1.

### B. Motion for Entry of Garnishment Disposition Order

As previously noted, the Garnishee answered the Writ of Continuing Garnishment, ECF No. 108-1. ECF Nos. 109 (Answer), 112 (Amended Answer). Defendant, however, did not respond in any manner to the Clerk's Notice, the Writ of Continuing Garnishment, or the Amended Answer of the Garnishee. Nor has Defendant moved to quash the Writ of Continuing Garnishment pursuant to 28 U.S.C. § 3205(c)(10). Thus, on August 21, 2025, the United States filed the instant Motion requesting entry of a garnishment disposition and dismissal order pursuant to 28 U.S.C. § 3205(c)(7). ECF No. 113. Until that time, other than the Clerk's Notice and the attached Writ of Continuing Garnishment, ECF No. 108, the court itself had taken no action in response to the United States' Amended Application for Writ of Continuing Garnishment, ECF No. 107.

On September 22, 2025, the court issued a Show Cause Order noting concerns regarding, <u>inter alia</u>, the court's continuing jurisdiction, criminal or civil, to enter a garnishment disposition order in the above-captioned criminal case. ECF No. 114. Specifically, the court noted jurisdictional concerns because this criminal case has been closed since 2010 and because the docket reflects no activity or appearance by Defendant since

7

April 29, 2013. Id. at 2, 6. Accordingly, the court ordered that the United States "show cause for the court to exercise any continuing jurisdiction, criminal or civil, to enter a garnishment disposition order in the above-captioned matter." Id. at 6-7.[7]

The United States' Response to Show Cause Order, filed October 21, 2025, argues that the court has continuing criminal jurisdiction to enforce the Restitution Judgment and to enter a garnishment disposition order on the original criminal docket. ECF No. 116 at 4-6. Moreover, the Response argues that service requirements for the Writ of Continuing Garnishment, ECF No. 108-1, and instructions have been satisfied. ECF No. 116 at 6-9. Thus, the United States renews its request for entry of a garnishment disposition and dismissal order. Id. at 10. The United States' Response also develops the procedural history of this garnishment proceeding by providing two (2) exhibits, a declaration and a letter, ECF Nos. 116-1, 116-2, both of which will be addressed below.

Exhibit 1 consists of the Declaration of Kimberly E. Gibson, a paralegal in the Financial Litigation Unit of the United States

---

[7] In a footnote, the Show Cause Order also expressed doubt that the United States had properly served the Clerks's Notice with attached Writ of Continuing Garnishment on Defendant in accordance with 28 U.S.C. § 3205(c)(3). ECF No. 114 at 5 n.4. The court stated that service of process will be addressed after the court is assured of its jurisdiction to proceed. Id.

Attorney's Office for the Eastern District of Virginia. ECF No. 116-1 ¶ 1 ("Gibson Declaration"). To briefly summarize, the Gibson Declaration describes Defendant's history of payments in satisfaction of the Restitution Judgment from July 2010 until the present, including Defendant's payment on April 2, 2024, of $34,943 from the proceeds of the sale of his home at 215 Woodhaven Road, Newport News, Virginia 23608. Id. ¶¶ 3-7. In negotiating payment of this sum, Defendant agreed on March 21, 2024, to enter into a payment plan of one hundred dollars ($100) per month to satisfy the remaining restitution debt. Id. ¶ 6. Following the sale of his home, Defendant made only one voluntary restitution payment of $100 on June 10, 2024. Id. ¶ 8. Thus, following a demand of payment on October 30, 2024,[8] the United States initiated the instant garnishment proceeding. Id. ¶¶ 9-12.

Of particular importance to the court at this juncture are the Gibson Declaration's representations concerning communications with Defendant. The Gibson Declaration describes several

---

[8] The Gibson Declaration certifies that the demand was made by email sent to an email address previously provided to Ms. Gibson by Defendant. ECF No. 116-1 ¶ 10. Though the demand did not state the balance of the restitution debt, the Gibson Declaration claims Defendant was informed of the balance by a debtor statement sent on June 17, 2024. Id. The Gibson Declaration does not, however, provide how the debtor statement was sent to Defendant. Nor does it state the balance reflected on the June 17, 2024, debtor statement, which presumably did not reflect the Treasury Offset Program capture reflected on the Amended Application of March 12, 2025. See supra note 3 and accompanying text.

9

communications between the United States and Defendant over phone and email in 2024 regarding the sale of his home at 215 Woodhaven Road, including one exchange where Defendant directed that paperwork from the United States be sent to his aunt, Deborah Morgan, at her email address. Id. ¶¶ 5-7. Following the sale of Defendant's home, the United States struggled to reach Defendant by phone or email to obtain his new home address. Id. ¶ 11. Thus, after the United States initiated garnishment proceedings, the United States "decided that the wage garnishment paperwork would be sent to him both at his workplace and to his last known residential address, 215 Woodhaven Road." Id.; see id. ¶ 15. At that time, Ms. Gibson "knew the defendant's aunt was his employer's secretary and his uncle was the president of the company for which he worked." Id. ¶ 11.

The United States sent the "amended garnishment paperwork" via certified mail, return receipt requested, to Defendant at his last known address, 215 Woodhaven Road, and to both Defendant and Garnishee at Garnishee's address, 14758 Warwick Boulevard, Newport News, Virginia 23608. Id. ¶ 15. On April 14, 2025, the United States received confirmation from the United States Postal Service that the garnishment package had been delivered to Defendant and Garnishee on April 9, 2025; Deborah Morgan had signed for delivery of "both sets of garnishment paperwork at the defendant's

10

workplace[.]" Id.[9] On April 14, 2025, Ms. Gibson also received an email from Ms. Morgan requesting a copy of the "original judgment paperwork" in the above-captioned criminal case. Id. ¶ 16. Ms. Gibson asked Ms. Morgan to have Defendant contact her and provide permission for Ms. Gibson to speak with Ms. Morgan about the restitution debt. Id.

On April 15, 2025, Defendant called Ms. Gibson and asked that she send a copy of the Judgment to his aunt, Ms. Morgan. Id. ¶ 17.[10] After Ms. Gibson requested written permission to do so, Defendant emailed a photo of a handwritten letter to Ms. Gibson that same day. Id. The United States's Response includes the photo of this one-page handwritten letter as Exhibit 2. ECF No. 116-2 ("Letter"). The Letter is signed by Defendant and by Ms. Morgan. In addition to authorizing Ms. Gibson to speak with Ms. Morgan and to receive a copy of the Judgment and "payment history," the Letter authorizes Ms. Morgan to receive "any further communications" in the future and to "receive anything I may need help with." Id.

Finally, Ms. Gibson certifies that on October 1, 2025, Ms. Morgan sent her email confirmation that she had received the "garnishment paperwork for both the defendant and Beechmont Garage on April 9, 2025." ECF No. 116-1 ¶ 18. Ms. Gibson states that the

---

[9] Ms. Morgan signed as "Addressee" for Defendant and as "Addressee" and "Agent" for Garnishee. See ECF Nos. 110-1, 111-1.

[10] See supra note 6 and accompanying text.

email confirmed that Ms. Morgan provided the garnishment paperwork to Defendant on the date of delivery. Id. Indeed, Ms. Gibson certifies that later in the day on October 1, 2025, Defendant himself sent Ms. Gibson an email confirming receipt of the garnishment paperwork from his aunt, Ms. Morgan. Id.

## II.

### A. Jurisdiction

This district court has held that the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A, 3664, "does not . . . require that the government bring a separate civil suit" to enforce a criminal restitution order, and the United States may instead "make a motion to the criminal court where Defendant was originally convicted." United States v. Scarboro, 352 F. Supp. 2d 714, 716-17 (E.D. Va. 2005) (Jackson, J.); see United States v. James, 312 F. Supp. 2d 802, 805 (E.D. Va. 2004) (Ellis, J.) (MVRA garnishment proceeding on original criminal docket). While the Fourth Circuit has not spoken directly on this issue, it has repeatedly upheld the validity of garnishment proceedings on the original criminal docket. See, e.g., United States v. Chittenden, No. 24-6175, 2025 WL 786043, at *2 (4th Cir. Mar. 12, 2025); United States v. Frank, 8 F.4th 320, 325-27 (4th Cir. 2021); United States v. Muse, 638 F. App'x 248 (4th Cir. 2016). Other federal courts of appeal are in agreement that "district courts may entertain civil garnishment and other collection proceedings as postjudgment remedies within

12

an underlying criminal case[.]" United States v. Kollintzas, 501 F.3d 796, 800 (7th Cir. 2007); see United States v. Mays, 430 F.3d 963, 966-68 (9th Cir. 2005), cert. denied, 546 U.S. 1207 (2006); United States v. Cohan, 798 F.3d 84, 89 (2d Cir. 2015).

MVRA garnishment proceedings on the original criminal docket remain appropriate where, as here, the case is long-closed and the restitution judgment is years old. See United States v. Witham, 648 F.3d 40, 49 (1st Cir. 2011) (remanding for additional proceedings on writ of garnishment issued after almost five (5) years of inactivity on criminal docket); United States v. Lee, 659 F.3d 619, 622 (7th Cir. 2011) (remanding for further collection proceedings more than ten (10) years following entry of restitution order); Muse, 638 F. App'x at 248 (upholding district court's overruling of criminal defendant's objection to writ of continuing garnishment entered over ten years after entry of judgment). Indeed, the court of conviction may enforce a restitution judgment up to twenty (20) years from the entry of judgment or twenty (20) years after a restitution debtor's release from prison, whichever is later. 18 U.S.C. § 3613(b).

On review of the law and the United States' Response, ECF No. 116, the court is satisfied that it may entertain garnishment proceedings in enforcement of the Restitution Judgment, ECF No. 75, and Judgment, ECF No. 77. The court is also satisfied that this garnishment proceeding pursuant to the MVRA and the Federal

13

Debt Collection Procedures Act ("FDCPA") may go forward on the original criminal docket, and that a separate civil action need not be opened. See Scarboro, 352 F. Supp. 2d at 716-17; Mays, 430 F.3d at 966-67. Exercise of continuing criminal jurisdiction in enforcement of the court's Restitution Judgment is also proper though the case was closed long ago and the Restitution Judgment is over ten (10) years old. See 18 U.S.C. § 3613(b) ("The liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person ordered to pay restitution."); see also Witham, 648 F.3d at 41-42; Lee, 659 F.3d at 622; Muse, 638 F. App'x at 248.

### B. Federal Debt Collection Procedures Act

1. Background

Restitution orders pursuant to the MVRA are enforced using the procedures of 18 U.S.C. § 3664. See 18 U.S.C. § 3663A(d). Under 18 U.S.C. § 3664(m)(1)(A)(i), the United States may enforce a restitution judgment "in the manner provided for in subchapter C of chapter 227 and subchapter B of chapter 229" of Title 18 of the United States Code, or "by all other available and reasonable means." Id. Subchapter B of Chapter 229 to Title 18 provides that the United States may enforce a judgment "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." Id. § 3613(a); see id. § 3613(f)

14

("In accordance with section 3664(m)(1)(A) of this title, all provisions of this section are available to the United States for the enforcement of an order of restitution."). "One available method of enforcement is the [FDCPA] . . . which includes procedures for garnishment[.]" Chittenden, 2025 WL 786043, at *2 (citing 28 U.S.C. § 3205); see James, 312 F. Supp. 2d at 807. Under the FDCPA, the United States may apply for, and a court may issue, "a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a).

On issuance of a writ of garnishment, the United States must serve a copy of the writ upon the garnishee and the judgment debtor with instructions explaining (1) the requirement that the garnishee submit a written answer; and (2) how the judgment debtor may object to the garnishee's answer and request a hearing. Id. § 3205(c)(3). If the judgment debtor or the United States, within twenty (20) days of receipt of the garnishee's answer, files a written objection to the garnishee's answer and requests a hearing, the court shall hold a hearing on the objections. Id. § 3205(c)(5). If no hearing is requested, the court will enter a garnishment disposition order. Id. § 3205(c)(7).

2. <u>Service of Process</u>

In this case, before the court may enter a garnishment disposition order pursuant to 28 U.S.C. § 3205(c)(7), the United States must serve the Writ of Continuing Garnishment, ECF No. 108-1, and accompanying instructions on both Garnishee and Defendant. 28 U.S.C. § 3205(c)(3). The United States must also serve Garnishee and Defendant with the Clerk's Notice, ECF No. 108, and the Amended Application, ECF No. 107. 28 U.S.C. §§ 3004(c), 3202(c). Before filing the instant Motion, the United States certified that on April 9, 2025, it served Defendant and Garnishee by certified mail, return receipt requested, with the "Writ of Garnishment, Clerk's Notice, Request for Hearing, Claim for Exemptions, and Instructions[.]" ECF Nos. 110, 111.

The court's Show Cause Order dated September 22, 2025 voiced concern that the Clerk's Notice and attached Writ of Continuing Garnishment, ECF No. 108, were improperly served on Defendant. <u>See</u> ECF No. 114 at 5 n.4.[11] On review of the United States' Response, ECF No. 116, the court acknowledges that practices differ among

---

[11] The court did not voice similar concern regarding service of the Clerk's Notice and attached Writ of Continuing Garnishment on Garnishee, as Garnishee had filed its Answer, ECF No. 109, and Amended Answer, ECF No. 112. <u>See generally</u> <u>Pusey v. Dallas Corp.</u>, 938 F.2d 498, 501 (4th Cir. 1991) ("[W]e hold that by failing to raise the defense that service of process was untimely . . . either in a pre-answer motion, or, if no such motion is made, then in its answer, a defendant waives that defense and submits to the personal jurisdiction of the court[.]").

16

district courts regarding the proper method of service for writs of garnishment under the FDCPA. Moreover, the United States' Response and Exhibits 1 and 2 attached thereto demonstrate that <u>Defendant has actual notice of this garnishment proceeding</u>. ECF No. 116; <u>see</u> <u>supra</u> Section I.B. Accordingly, the court is satisfied at this juncture that the United States has properly served Defendant with the Clerk's Notice and Writ of Continuing Garnishment, ECF No. 108, in accordance with 28 U.S.C. § 3205(c)(3). <u>See generally</u> <u>Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.</u>, 733 F.2d 1087, 1089 (4th Cir. 1984) (holding that rules governing service, "in general, are entitled to a liberal construction," when "the process gives the defendant actual notice of the pendency of the action").

The court does note that the United States' certificates of service do not certify it served the Application, ECF No. 106, or the Amended Application, ECF No. 107, on Defendant and Garnishee in accordance with 18 U.S.C. §§ 3004(c) and 3202(c). <u>See</u> ECF Nos. 110, 111. The instant Motion, however, states that the "Application for Writ of Continuing Garnishment" was served on Garnishee and Defendant. ECF No. 113 at 1-2. Moreover, the United States has since certified that it served Defendant and the Garnishee with the "amended garnishment" and "garnishment package" on April 9, 2025, the same date that the United States certifies that it served Defendant and Garnishee with the Clerk's Notice,

17

Writ of Continuing Garnishment, and instructions. ECF Nos. 116 at 3, 116-1 ¶ 15.[12] Accordingly, and because neither the Garnishee nor Defendant have objected, the court is satisfied that Defendant and Garnishee were properly served in accordance with 28 U.S.C. §§ 3004(c) and 3202(c).

### III.

For the reasons stated above, and on consideration of the United States' Response to Show Cause Order and the two (2) exhibits attached thereto, ECF Nos. 116, 116-1, 116-2, the court **FINDS** that it may exercise continuing criminal jurisdiction to enter a garnishment disposition order in the above-captioned criminal case, and that a separate civil action need not be opened. At this juncture, the court is now satisfied that procedural requirements have been met for entry of a garnishment disposition order pursuant to 28 U.S.C. § 3205(c)(7). The United States' Motion for Entry of a Garnishment Disposition and Dismissal Order, ECF No. 113, is therefore **GRANTED**, and the Garnishment Disposition Order will issue forthwith.

---

[12] Since the United States provided that it served the "amended garnishment," neither Garnishee nor Defendant are prejudiced by the United States' failure to serve the original Application. Both the Application and Amended Application were filed more than thirty (30) days after the demand for payment, and the Amended Application reflected a lower balance on the restitution debt. See supra note 3 and accompanying text; see also United States v. Oxendine, No. 3:25-mc-18, 2025 WL 2673911, at *3 (N.D. Fla. Sept. 18, 2025).

The Clerk is **DIRECTED** to forward a copy of this Memorandum Opinion to the United States Attorney at Norfolk and Newport News, to Garnishee at 14758 Warwick Blvd., Newport News, Virginia 23608, and to Defendant at 14758 Warwick Blvd., Newport News, Virginia 23608.

/s/
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

December 15, 2025